ORIGINAL

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

1  BILL LOCKYER
   Attorney General
2  CHRISTOPHER M. AMES
   Senior Assistant Attorney General
3  LARRY G. RASKIN, State Bar No. 116112
   Supervising Deputy Attorney General
4  GEORGE D. PRINCE, State Bar No. 133877
   455 Golden Gate Avenue, Suite 11000
5  San Francisco, CA 94102-7004
   Telephone: (415) 703-5749
6  Facsimile: (415) 703-5480
7  Attorneys for State of California

```
                   FILED
         CLERK, U.S. DISTRICT COURT

              JAN  8 2002

      CENTRAL DISTRICT OF CALIFORNIA
      BY                      DEPUTY
```

8
9              UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA
11  UNITED STATES OF AMERICA, STATE  OF          Case No. 98-7708 GHK (Mcx)
    CALIFORNIA, ex rel. MICHAEL D. TORRES and
12  MICHAEL D. TORRES, In His Own Behalf         STIPULATION AND [PROPOSED]
                                                 ORDER RE: QUI TAM
13                   Plaintiffs,                 PLAINTIFF'S AWARD

14          v.

15  TWINING LABORATORIES OF SOUTHERN
    CALIFORNIA, INC., a Corporation; TWINING
16  LABORATORIES, an unknown business entity;
    EDWARD TWINING, JR., an individual; and DOES 1
17  through 50, Inclusive,

18                   Defendants.

19

20       The above-captioned action was filed on September 23, 1998 pursuant to the federal

21  False Claims Act (31 U.S.C. sec. 3729 et seq.) and the California False Claims Act (Cal. Govt.

22  Code sec. 12650 et seq.).  The United States intervened in the federal cause of action; the State of

23  California and political subdivision Los Angeles Metropolitan Transportation Agency ("MTA")

24  declined to intervene in the State cause of action.

25       The action was dismissed pursuant to a Stipulation and Order for Dismissal signed by the

26  Hon. George H. King and filed on September 5, 2001, a copy of which is attached hereto as

27  Exhibit A, following settlement of the action by United States, Relator and Co-Plaintiff Michael

28  Torres, and defendant Twining Laboratories of Southern California, Inc.

JAN – 9 2002

1        The agreement settling the action, a copy of which is attached as Exhibit B, contained

2  provisions allowing for separate agreements between Co-Plaintiff Torres and the federal and

3  State governments regarding Co-Plaintiff Torres's share of the respective federal and State

4  settlement monies. (*Id.*, paragraphs 5 and 6 at p. 4.)

5        Accordingly, Co-Plaintiff Torres, the State of California, and the MTA have stipulated

6  that a separate agreement, the Qui Tam Plaintiff's Award Agreement, a copy of which is attached

7  as Exhibit C, constitutes the separate agreement regarding Co-Plaintiff Torres's share of the State

8  settlement monies in this action.

9

                                          BILL LOCKYER, Attorney General

10                                  CHRISTOPHER M. AMES
                                  Senior Assistant Attorney General

11                                  LARRY G. RASKIN
                                  Supervising Deputy Attorney General

12

13  DATED: January _____ 2_____, 2002     *George Prince* (signature)

14                                  GEORGE PRINCE
                                  Deputy Attorney General

15                                  Attorneys for Plaintiff
                                  State of California

16

17

18  DATED: January _____, 2002          _____
                                  STEVE CARNEVALE

19                                  Office of the County Counsel
                                  Attorneys for Plaintiff

20                                  Metropolitan Transportation Agency

21

                                  LOUIS COHEN, a Professional Corporation

22

23  DATED: January _____, 2002          _____

24                                  Louis J. Cohen
                                  Attorney for Co-Plaintiff
                                  Qui Tam Plaintiff Michael D. Torres

25        IT IS SO ORDERED.

26  DATED: January _____, 2002

27

                                  _____

28                                  THE HON. GEORGE H. KING
                                  UNITED STATES DISTRICT JUDGE

1    The agreement settling the action, a copy of which is attached as Exhibit B, contained

2   provisions allowing for separate agreements between Co-Plaintiff Torres and the federal and

3   State governments regarding Co-Plaintiff Torres's share of the respective federal and State

4   settlement monies. (*Id.*, paragraphs 5 and 6 at p. 4.)

5        Accordingly, Co-Plaintiff Torres, the State of California, and the MTA have stipulated

6   that a separate agreement, the Qui Tam Plaintiff's Award Agreement, a copy of which is attached

7   as Exhibit C, constitutes the separate agreement regarding Co-Plaintiff Torres's share of the State

8   settlement monies in this action.

9                                   BILL LOCKYER, Attorney General

10                                  CHRISTOPHER M. AMES
                                    Senior Assistant Attorney General

11                                  LARRY G. RASKIN
                                    Supervising Deputy Attorney General

12

13   DATED: January _____ , 2002

14                                  _____
                                    GEORGE PRINCE
                                    Deputy Attorney General

15                                  Attorneys for Plaintiff
                                    State of California

16

17   DATED: January   2   , 2002

18                                  _____
                                    STEVE CARNEVALE
                                    Office of the County Counsel

19                                  Attorneys for Plaintiff
                                    Metropolitan Transportation Agency

20

21

22                                  LOUIS COHEN, a Professional Corporation

23   DATED: January _____ , 2002

24                                  _____
                                    Louis J. Cohen
                                    Attorney for Co-Plaintiff

25   IT IS SO ORDERED.            Qui Tam Plaintiff Michael D. Torres

26   DATED: January _____ , 2002

27

28                                  _____
                                    THE HON. GEORGE H. KING
                                    UNITED STATES DISTRICT JUDGE

STIPULATION AND [PROPOSED] ORDER RE: QUI TAM PLAINTIFF'S AWARD

TOTAL P.02

1    The agreement settling the action, a copy of which is attached as Exhibit B, contained

2    provisions allowing for separate agreements between Co-Plaintiff Torres and the federal and

3    State governments regarding Co-Plaintiff Torres's share of the respective federal and State

4    settlement monies. (*Id.*, paragraphs 5 and 6 at p. 4.)

5    Accordingly, Co-Plaintiff Torres, the State of California, and the MTA have stipulated

6    that a separate agreement, the Qui Tam Plaintiff's Award Agreement, a copy of which is attached

7    as Exhibit C, constitutes the separate agreement regarding Co-Plaintiff Torres's share of the State

8    settlement monies in this action.

9                                    BILL LOCKYER, Attorney General

10                                   CHRISTOPHER M. AMES
                                     Senior Assistant Attorney General

11                                   LARRY G. RASKIN
                                     Supervising Deputy Attorney General

12

13   DATED: January _____ , 2002

14                                   _____
                                     GEORGE PRINCE
                                     Deputy Attorney General

15                                   Attorneys for Plaintiff
                                     State of California

16

17

18   DATED: January _____ , 2002
                                     _____
                                     STEVE CARNEVALE

19                                   Office of the County Counsel
                                     Attorneys for Plaintiff

20                                   Metropolitan Transportation Agency

21

22                                   LOUIS COHEN, a Professional Corporation

23   DATED: January _____ , 2002     _____

24                                   Louis J. Cohen
                                     Attorney for Co-Plaintiff

25   IT IS SO ORDERED.               Qui Tam Plaintiff Michael D. Torres

26   DATED: January ____ , 2002

27

28                                   _____
                                     THE HON. GEORGE H. KING
                                     UNITED STATES DISTRICT JUDGE

                                         2

**EXHIBIT A**

1  JOHN S. GORDON
   United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   GARY PLESSMAN
4  Assistant United States Attorney
   Chief, Civil Fraud Section
5  SUSAN R. HERSHMAN
   Assistant United States Attorney
6  Deputy Chief, Civil Fraud Section
   HONG S. DEA
7  Assistant United States Attorney
   California State Bar No. 56853
8      300 North Los Angeles Street
       Federal Building, Room 7516
9      Los Angeles, California 90012
       Telephone:  (213) 894-2450
10     Facsimile:  (213) 894-2380

11 Attorneys for
   United States of America

12              UNITED STATES DISTRICT COURT

13          CENTRAL DISTRICT OF CALIFORNIA

14                  WESTERN DIVISION

15

16 UNITED STATES OF AMERICA,        )  NO. CV 98-7708-GHK(Mcx)
   ex rel. MICHAEL D. TORRES,       )
17                                   )
              Plaintiffs,            )  **STIPULATION AND [PROPOSED]**
18                                   )  **ORDER FOR DISMISSAL**
              v.                     )
19                                   )
   TWINING LABORATORIES OF           )
20 SOUTHERN CALIFORNIA, Inc.,        )
   et al.,                           )
21                                   )
              Defendants.            )
22                                   )
                                     )
23 _____ )

24      WHEREAS, on September 23, 1998, Relator and Co-Plaintiff

25 Torres filed this action captioned United States of America, State

26 of California, ex rel. Michael D. Torres v. Twining Laboratories of

27 Southern California et al., No. CV-98-7708 GHK (Mcx), pursuant to

28

1  the federal False Claims Act, 31 U.S.C. § 3729 *et seq.* and the

2  California False Claims Act, Cal. Govt. Code § 12650 *et seq.*;

3       WHEREAS the United States of America ("the United States")

4  intervened in this action as to part of the federal cause of action

5  and filed its Complaint in Intervention on August 29, 2000;

6       WHEREAS the State of California declined to intervene as to

7  the state cause of action;

8       WHEREAS, on or about October 13, 2000, Relator Torres filed

9  his First Amended Complaint for Violation of Federal and State

10 False Claims Act [sic.] ("Relator's First Amended Complaint"); and

11      WHEREAS a Settlement Agreement (a copy of which is attached as

12 Exhibit 1) has been now reached by and among the United States,

13 Relator Torres, and defendant Twining Laboratories of Southern

14 California, Inc. ("Twining") to resolve this action in their best

15 interests,

16      NOW THEREFORE, the parties hereto, acting by and through their

17 counsel, hereby stipulate and request, in accordance with and

18 subject to that Settlement Agreement, and pursuant to Fed.R.Civ.P.

19 41(a)(2), the federal False Claims Act, and the California False

20 Claims Act, that:

21      1.  The Complaint in Intervention of the United States be

22 dismissed with prejudice;

23      2.  The Relator's First Amended Complaint, as to the Covered

24 Conduct alleged therein and set forth in the Settlement Agreement,

25 be dismissed with prejudice as to the State of California and the

26 Relator Torres; and

27      3.  The Relator's First Amended Complaint, except as to the

28 Covered Conduct alleged therein and set forth in the Settlement

2

1  Agreement, be dismissed with prejudice as to the Relator Torres and

2  without prejudice as to the United States and the State of

3  California.

4  DATED: _August 31_, 2001

JOHN S. GORDON
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
GARY PLESSMAN
Assistant United States Attorney
Chief, Civil Fraud Section
SUSAN R. HERSHMAN
Assistant United States Attorney
Deputy Chief, Civil Fraud Section


HONG S. DEA
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

15  DATED: _August 15_, 2001


LAW OFFICES OF LOUIS J. COHEN


LOUIS J. COHEN
Attorney for Co-Plaintiff
Relator Michael D. Torres


**ORDER**

IT IS SO ORDERED.

24  DATED: _Sept. 5_, 2001


**GEORGE H. KING**

UNITED STATES DISTRICT JUDGE

3

**EXHIBIT B**

## SETTLEMENT AGREEMENT

### Recitals

This Settlement Agreement is entered into by and between the Plaintiff United States of America ("the United States"), Co-Plaintiff Relator Michael D. Torres ("Torres"), and Defendant Twining Laboratories of Southern California ("Twining"), a California corporation, collectively the "Parties," with reference to the following facts.

A.    On September 23, 1998, Torres filed a complaint captioned <u>United States of America, State of California, ex rel. Michael D. Torres v. Twining Laboratories of Southern California, et al.</u>, No. CV-98-7708 GHK (Mcx)("the Action"), in the United States District Court for the Central District of California, pursuant to the federal False Claims Act, 31 U.S.C §3729 <u>et seq.</u>, and the California False Claims Act, Cal.Govt.Code §12650 <u>et seq.</u> The United States intervened in the Action as to the federal cause of action and on August 29, 2000, filed its Complaint in Intervention ("United States' Complaint") pursuant to 31 U.S.C. §3730(b)(4)(A).  The State of California declined to intervene as to the state cause of action.  On or about October 13, 2000, Torres filed his First Amended Complaint for Violation of Federal and State False Claims Act [sic.] ("Relator's Complaint").

B.    The United States' Complaint alleges that Twining, in providing weld inspection services in the construction of the Los Angeles Red Line subway, which was paid for by federal, state and

**EXHIBIT 1**

local monies, knowingly made false claims and statements in connection with its use of inspectors who, in violation of subway requirements, had not been properly trained, had not been properly tested, and had not been tested by a qualified supervisor, thus, causing damages to the United States. These allegations as set forth in the United States' Complaint are hereinafter referred to as the Covered Conduct. The Relator's Complaint alleges that the same Covered Conduct caused damages to the State of California. The Relator's Complaint also alleges false claims and false statements by Twining other than the Covered Conduct.

   C.   Twining denies the allegations set forth in the United States' Complaint and the Relator's Complaint.

   D.   To avoid the risks and expenses of further litigation, the Parties hereby agree to fully and finally settle the Action on the terms set forth below.

<u>Terms and Conditions</u>

   In consideration of the mutual promises, covenants and obligations set forth below, the Parties agree as follows:

<u>Settlement Payments</u>

   1.   Twining will pay the United States $375,000 (the "Federal Settlement Payment") and the State of California $125,000 (the "State Settlement Payment"). The payments will be made within six (6) business days following Twining's receipt of

2

counterpart originals of this Settlement Agreement that have been fully executed by the United States and by Torres.  The payments will be by electronic funds transfers to the United States and the State of California in accordance, respectively, with instructions to be provided by the United States and the State of California.

Attorneys' Fees Payment

2.   Twining will pay Torres' counsel, Louis J. Cohen, a Professional Corporation, the sum of $25,000 in satisfaction of all obligations of Twining with respect to Torres' attorneys' fees, expenses and costs in the Action.  Payment of the $25,000 will be made by Twining within six (6) business days following Twining's receipt of counterpart originals of this Settlement Agreement that have been fully executed by the United States and by Torres.  The manner of payment by Twining will be by personal delivery to Louis J. Cohen, Esq., 23480 Park Sorrento, Suite 217A, Calabasas, California 91302, of a cashier's check for $25,000.00 made payable to "Louis J. Cohen, a Professional Corporation."

3.  The United States and Twining each agrees to bear its own costs, expenses and fees, including attorneys', accountants' and expert witness fees, that have been incurred in connection with the investigation, litigation and settlement of the Action.

3

Relator Concurrences

4.  **Torres** agrees that this settlement of the United States' Complaint in this Action is fair, adequate and reasonable under all of the circumstances under 31 U.S.C. §3730(c)(2)(B); and he agrees that he will not challenge this settlement pursuant to that provision of the federal False Claims Act.

5.  The United States and Torres will enter into a separate agreement, pursuant to the federal False Claims Act, regarding Torres' share of the Federal Settlement Payment, and the Parties' obligations hereunder are independent of that agreement or any dispute thereunder. In the event of failure to reach such agreement, the United States and Torres will take the issue of Torres' share of the Federal Settlement Payment to the Court pursuant to the federal False Claims Act.

6.  The State of California and Torres will enter into a separate agreement, pursuant to the California False Claims Act, regarding Torres' share of the State Settlement Payment, and the Parties' obligations hereunder are independent of that agreement or any dispute thereunder. In the event of failure to reach such agreement, the State of California and Torres will take the issue of Torres' share of the State Settlement Payment to the Court pursuant to the California False Claims Act.

4

<u>Dismissal</u>

7.   Concurrent with the execution of this Settlement
Agreement, Torres will execute and provide to the United States a
request for dismissal of the Action against Twining in the form
attached hereto as Exhibit 1.  Within two business days following
its receiving notice that all the payments referenced in Sections
1 and 2 have been completed, the United States will execute that
request for dismissal and file it with the Court in this Action.

<u>Government-Twining Releases</u>

8.   Upon its receipt of the Federal Settlement Payment
referenced in Section 1, and except as provided in Section 9, the
United States releases Twining and its current and former
subsidiaries, parents, affiliates, shareholders, directors,
officers, employees, agents, attorneys, successors, and assigns
from the following:

> Any civil or administrative monetary claims or causes
> of action that the United States has or may have under
> the federal False Claims Act, 31 U.S.C. §§3729-33, the
> Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-
> 3812, or the common law theories of payment by mistake,
> unjust enrichment, breach of contract,
> misrepresentation, and fraud for the Covered Conduct;
> and any suspension or debarment by the United States
> Department of Transportation for the Covered Conduct.

5

9.   The United States does not release Twining from the following: claims arising under Title 26 of the United States Code (Internal Revenue Code); consequential damages arising from the Covered Conduct; criminal liability; liability created by this Settlement Agreement; or liability other than that released pursuant to Section 8.

10.   Notwithstanding the release set forth in Section 8, above, the United States expressly reserves all civil claims against individuals, including any past or present officers, employees, or agents of Twining, who have received written notification that they are the target of a criminal investigation, who have been indicted, charged, or convicted, or who have entered into a plea agreement arising from the conduct that is the subject of this agreement.

11.   Upon receipt by the State of California of the State Settlement Payment, Torres, on behalf of the State of California, releases Twining and its current and former subsidiaries, parents, affiliates, shareholders, directors, officers, employees, agents, attorneys, successors, and assigns from the claims under the California False Claims Act, Cal. Govt. Code §12650 et seq., for the Covered Conduct.

6

<u>Unallowable Costs</u>

12.   Twining agrees that all costs (as defined in the
Federal Acquisition Regulation, 48 C.F.R. § 31.205-47, and
including without limitation attorneys' fees) incurred by or on
behalf of Twining (including but not limited to its officers,
directors, agents, employees, subsidiary companies, and parent
companies) in connection with (A) the matters covered by this
Settlement Agreement, (B) the United States' investigation in
connection with the Action, including Twining's response thereto,
(C) Twining's investigation of the Action, and corrective actions
regarding the matters alleged in the Action, (D) the United
States' litigation of the Action and Twining's defense of the
Action, (E) the negotiation of this Settlement Agreement, and (F)
the payments made to the United States, the State of California,
and Torres pursuant to Sections 1 and 2 of this Settlement
Agreement shall be unallowable costs for United States government
contract accounting purposes.  These amounts shall be separately
accounted for by Twining.

<u>No Agreement on Tax Treatment</u>

13.   **Nothing in this Settlement Agreement constitutes an**
agreement by any of the Parties concerning the characterization
of the payments addressed hereunder for purposes of any
proceeding under Title 26 of the United States Code (the Internal
Revenue Code).

Entire Agreement

14.   **Except** as to Sections 5 and 6, above, this Settlement Agreement represents the entire agreement between the Parties with respect to the subject matter of this Settlement Agreement, and there are no other agreements, understandings, representations, warranties, inducements, or considerations except as expressly recited herein.

Counterparts

15.   This Settlement Agreement is executed in duplicate originals, and each shall be of the same force and effect at law as an original.

Authority to Sign

16.   Each person who signs this Settlement Agreement in a representative capacity warrants that he is duly authorized to do so.

8

Effective Date

17.  This Settlement Agreement shall be effective on the date it is signed by the last signatory hereto.

AGREED AND EXECUTED by the parties hereto:

PLAINTIFF UNITED STATES OF AMERICA

DATED: *August 21*, 2001

JOHN S. GORDON
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
GARY PLESSMAN
Assistant United States Attorney
Chief, Civil Fraud Section
SUSAN R. HERSHMAN
Assistant United States Attorney
Deputy Chief, Civil Fraud Section

HONG S. DEA
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

DATED *August 15*, 2001

GREGORY MCBRIDE
Acting Chief Counsel
Federal Transit Administration
United States Department of
Transportation

9

DEFENDANT TWINING LABORATORIES
OF SOUTHERN CALIFORNIA, INC.

DATED: _Aug. 30_, 2001

LIGHTFOOT, VANDEVELDE, SADOWSKY,
MEDVENE & LEVINE

JOHN S. CROUCHLEY

Attorneys for Defendant
Twining Laboratories of Southern
California, Inc.

DATED: _August 10_, 2001

EDWARD M. TWINING, JR.
President, Twining Laboratories
of Southern California, Inc.

CO-PLAINTIFF RELATOR MICHAEL D. TORRES

DATED: _____, 2001

LAW OFFICES OF LOUIS J. COHEN

LOUIS J. COHEN

Attorneys for Co-Plaintiff
Relator Michael D. Torres

DATED: _____, 2001

MICHAEL D. TORRES
Co-Plaintiff Relator

10

<u>DEFENDANT TWINING LABORATORIES</u>
<u>OF SOUTHERN CALIFORNIA, INC.</u>

DATED: _____, 2001

                          LIGHTFOOT, VANDEVELDE, SADOWSKY,
                               MEDVENE & LEVINE

                          _____

                          JOHN S. CROUCHLEY

                          **Attorneys for Defendant**
                          **Twining Laboratories of Southern**
                                 **California, Inc.**

DATED: _____, 2001

                          _____

                          **EDWARD M. TWINING, JR.**
                          **President, Twining Laboratories**
                              **of Southern California, Inc.**

<u>CO-PLAINTIFF RELATOR MICHAEL D. TORRES</u>

DATED: August 15, 2001

                          LAW OFFICES OF LOUIS J. COHEN

                          _____

                          LOUIS J. COHEN

                          **Attorneys for Co-Plaintiff**
                          **Relator Michael D. Torres**

DATED: August 15, 2001

                          _____

                          MICHAEL D. TORRES
                          Co-Plaintiff Relator

**EXHIBIT C**

BILL LOCKYER, Attorney General
CHRISTOPHER M. AMES
Senior Assistant Attorney General
LARRY G. RASKIN, State Bar No. 116112
Supervising Deputy Attorney General
GEORGE D. PRINCE, State Bar No. 133877
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5749
Facsimile: (415) 703-5480

Attorneys for State of California

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF CALIFORNIA, ex rel. MICHAEL D. TORRES and MICHAEL D. TORRES, In His Own Behalf<br><br>Plaintiffs,<br><br>v.<br><br>TWINING LABORATORIES OF SOUTHERN CALIFORNIA, INC., a Corporation; TWINING LABORATORIES, an unknown business entity; EDWARD TWINING, JR., an individual; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 98-7708 GHK (Mcx)<br><br>QUI TAM PLAINTIFF'S AWARD AGREEMENT |

Recitals

This Qui Tam Plaintiff's Award Agreement ("Award Agreement") is entered into by and

between Plaintiffs the State of California ("the State") and the Los Angeles Metropolitan

Transportation Agency ("the MTA") and qui tam plaintiff Michael D. Torres ("Torres") with

1

reference to the following facts:

A.  On September 23, 1998, Torres filed a complaint captioned <u>United States of</u>

<u>America</u> *ex rel.* <u>Michael D. Torres v. Twining Laboratories of Southern California, Inc., et. al.</u>,

CV99-7708 GHK (Mcx), in the United States District for the Central District of California ("the

Action") under both the federal False Claims Act, 31 U.S.C. § 3729 <u>et seq.</u>, and the California

False Claims Act, Cal. Govt. Code § 12650 <u>et seq.</u>  The United States intervened in the federal

cause of action and on August 29, 2000, filed its Complaint in Intervention in the Action.  The

State and the MTA declined to intervene in the state cause of action.  On or about October 13,

2000, Torres filed a First Amended Complaint in the Action.

B.  Defendant Twining Laboratories of Southern California ("Twining"), Torres, and

the United States agreed to settle the Action and entered into a Settlement Agreement, effective

August 21, 2001, for that purpose.  Under that Settlement Agreement, Twining paid the United

States $375,000 as proceeds from the federal cause of action and paid the State $125,000 as

proceeds from the state cause of action, which included the MTA proceeds.  Also under the

Settlement Agreement, Twining paid Torres $25,000 in compensation for Torres' attorneys' fees,

expenses, and costs in the Action.  Upon those payments and pursuant to the Settlement

Agreement, Torres and the United States requested that the Court dismiss the Action.  That

dismissal was granted on September 5, 2001.

C.  To resolve and settle Torres' rights under the California False Claims Act to a

share of the State proceeds, Torres, the State, and the MTA ("the Parties") hereby enter into this

Award Agreement.

Terms and Conditions

In consideration of the mutual promises, covenants and obligations set forth below, the

Parties agree as follows:

<u>Qui Tam Plaintiff's Award</u>

1.     On behalf of the State and the MTA, the State shall pay Torres from the proceeds

of the action, within a reasonable time after the effective date of this Award Agreement, a qui

tam plaintiff's award of $45,000, which constitutes 36 percent of the $125,000 State and MTA

proceeds from the settlement of the Action.  Payment shall be made by electronic funds transfer

to the attorney-client trust account of Louis J. Cohen, a professional corporation, #0488567736,

Wells Fargo Bank, 15760 Ventura Blvd., Encino, California 91436, ABA #122000247.  The

foregoing payment shall constitute Torres' complete and entire award under California

Government Code section 12652(g) with respect to the qui tam plaintiff's share in the Action.

<u>Releases</u>

2.     Upon his receipt of the qui tam plaintiff's award payment referenced in Paragraph

1, Torres and his heirs, successors, attorneys, agents, and assigns release and forever discharge

the State and the MTA and their departments, agencies, employees, attorneys, and agents from

any claims or liability arising out of Torres' claims for qui tam fees in the Action.

<u>Attorneys' Fees and Costs</u>

3.     The Parties shall each bear his or their own Attorneys' fees, costs, and expenses

incurred in connection with this Action, including the negotiation, preparation, and performance

of this Award Agreement.

3

No Agreement on Tax Treatment

4.     Nothing in this Award Agreement constitutes an agreement by any of the Parties concerning the characterization of the qui tam plaintiff's award payment for purposes of any proceeding under local, State, or federal tax codes.

Entire Agreement

5.     This Award Agreement represents the entire agreement between the Parties with respect to the subject matter of this Award Agreement, and there are no other agreements, understandings, representations, warranties, inducements, or considerations except as expressly recited herein.  This Award Agreement may not be modified, amended, or terminated except by a written agreement signed by the Parties specifically referring to this Award Agreement.

Independent Investigation

6.     Each of the Parties has independently investigated the facts relating to the subject matter of this Award Agreement, and except as expressly set forth herein, each of the Parties disclaims any reliance upon any representations by the other Party relating to the negotiation of, or entry into, this Award Agreement

Qui Tam Plaintiff's Consent

7.     Torres represents that this Award Agreement is entered knowingly, deliberately and voluntarily without duress, compulsion, or misconduct by the State, the MTA, or any person. Torres is represented by legal counsel of his own selection and has been fully advised by said counsel concerning this Award Agreement.

4

Counterparts

      8.    This Award Agreement may be executed in counterparts, and each shall be of the

same force and effect at law as an original.

Authority to Sign

      9.    Each person who signs this Award Agreement in a representative capacity

warrants that he is duly authorized to do so.

Effective Date

      10.    This Award Agreement shall be effective on the date it is signed by the last

signatory hereto.

Dated: ___/2/20___, 2001

                                         BILL LOCKYER, Attorney General

                                         CHRISTOPHER M. AMES
                                         Senior Assistant Attorney General

                                         LARRY G. RASKIN
                                         Supervising Deputy Attorney General

                                         GEORGE PRINCE
                                         Deputy Attorney General

                                         Attorneys for Plaintiff
                                         State of California

Dated: _____, 2001

                                         STEVE CARNEVALE
                                         Office of the County Counsel
                                         Attorneys for Plaintiff
                                         Metropolitan Transportation Agency

Counterparts

     8.    This Award Agreement may be executed in counterparts, and each shall be of the

same force and effect at law as an original.

Authority to Sign

     9.    Each person who signs this Award Agreement in a representative capacity

warrants that he is duly authorized to do so.

Effective Date

     10.    This Award Agreement shall be effective on the date it is signed by the last

signatory hereto.

Dated: _____, 2001        BILL LOCKYER, Attorney General

                               CHRISTOPHER M. AMES
                               Senior Assistant Attorney General

                               LARRY G. RASKIN
                               Supervising Deputy Attorney General

                               GEORGE PRINCE
                               Deputy Attorney General

                               Attorneys for Plaintiff
                               State of California

Dated: _Dec 19,_____, 2001     STEVE CARNEVALE
                               Office of the County Counsel
                               Attorneys for Plaintiff
                               Metropolitan Transportation Agency

## Authority to Sign

9.      Each person who signs this Award Agreement in a representative capacity

warrants that he is duly authorized to do so.

## Effective Date

10.     This Award Agreement shall be effective on the date it is signed by the last

signatory hereto.

| Dated: _____, 2001 | BILL LOCKYER, Attorney General<br>CHRISTOPHER M. AMES<br>Senior Assistant Attorney General<br>LARRY G. RASKIN<br>Supervising Deputy Attorney General<br><br>GEORGE PRINCE<br>Deputy Attorney General<br>Attorneys for Plaintiff<br>State of California<br><br>STEVE CARNEVALE<br>Office of the County Counsel<br>Attorneys for Plaintiff<br>Metropolitan Transportation Agency |
| Dated: _____, 2001 | |

Dated: _December 20_, 2001        LOUIS COHEN, a Professional Corporation

_Louis J. Cohen_ (signature)

Louis J. Cohen
Attorney for Co-Plaintiff
Qui Tam Plaintiff Michael D. Torres

Dated: 12/20 _____, 2001

Michael D. Torres
Qui Tam Plaintiff

## DECLARATION OF SERVICE BY OVERNIGHT COURIER

Case Name: **U.S.A., et al. v. Twining Laboratories of Southern California, Inc., et al.**

No.: 98-7708 GHK (Mcx)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102.

On January 3, 2002, I served the attached **STIPULATION AND [PROPOSED] ORDER RE: QUI TAM PLAINTIFF'S AWARD** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid with the Fed Ex, addressed as follows:

Louis J. Cohen, Esq.                    Steven J. Carnevale, Esq.
23480 Park Sorrento, Suite 217A         Assistant County Counsel
Calabasas, CA  91302                    Office of the County Counsel
                                        648 Kenneth Hahn Hall of Administration
                                        500 West Temple St.
                                        Los Angeles, CA  90012-2713

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 3, 2002, at San Francisco, California.

| Jerrell Stewart | _Jerrell Stewart_ |
|---|---|
| Typed Name | Signature |